## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| NICHOLAS RIKE, on behalf of himself and all others similarly situated,<br><br>                 Plaintiffs,<br><br>        v.<br><br>PEI WEI ASIAN DINER, LLC,<br><br>                 Defendant. | No. 4:18-cv-102<br><br>**<u>JURY TRIAL DEMANDED</u>** |

## <u>COLLECTIVE ACTION COMPLAINT</u>

Plaintiff Nicholas Rike, individually and on behalf of all others similarly situated, as collective action representative, upon personal knowledge as to himself and upon information and belief as to other matters, allege as follows:

### <u>PRELIMINARY STATEMENT</u>

1.      This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and his similarly situated co-workers who worked for Defendant Pei Wei Asian Diner, LLC ("Pei Wei" or "Defendant") in the United States as exempt-classified Assistant Managers.[1]

2.      Plaintiff seeks to recover unpaid wages, liquidated damages, and attorneys' fees and costs under the Fair Labor Standards Act ("FLSA") and the supporting United States Department of Labor regulations, on behalf of himself and all similarly situated current and former FLSA Collective Members (defined as Plaintiff and all Assistant Managers who work or worked for Defendant and were classified as exempt at any time from August 16, 2014 to the

---

[1] The term "Assistant Manager" refers to and includes all positions classified as exempt below the General Manager.

date(s) Defendant reclassified Assistant Managers as non-exempt)[2] who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).

3.      Defendant classified Plaintiff and the FLSA Collective Members as exempt from the FLSA's overtime provisions.

4.      By the conduct described in this Complaint, Defendant willfully violated the FLSA by failing to pay Plaintiff and the FLSA Collective Members overtime wages as required by law.

## JURISDICTION AND VENUE

5.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b).

6.      Upon information and belief, Defendant is subject to personal jurisdiction in Missouri.

7.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8.      Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

*Plaintiff*

**Nicholas Rike**

9.      Plaintiff Nicholas Rike is an adult individual who is a resident of Missouri.

---

[2]     The parties previously entered into a Tolling Agreement, tolling the statute of limitations of Plaintiff and all similarly situated Assistant Managers from June 6, 2017 through November 6, 2017.

10.     Plaintiff worked for Defendant as an Assistant Manager in St. Louis, Missouri from approximately June 2012 to September 2015.

11.     Rike's written consent to join a collective action under 29 U.S.C. § 216(b) is attached as Exhibit 1.

12.     Rike regularly worked for Defendant and for Defendant's benefit in excess of 40 hours per workweek.  Rike was typically scheduled to work about 50 to 55 hours per workweek. Rike often worked 60 to 70 hours per workweek.

13.     Pursuant to Defendant's policy, pattern, or practice of not paying overtime wages to Rike and the FLSA Collective Members when they worked beyond 40 hours in a workweek, Rike and FLSA Collective Members regularly performed work without receiving overtime compensation.

14.     Rike is a covered employee within the meaning of the FLSA.

15.     Rike has retained Stueve Siegel Hanson LLP and the Shavitz Law Group, P.A. to represent him, and seeks to recover unpaid wages, liquidated damages, and attorneys' fees and costs, on behalf of himself and the FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

*Defendant*

**Pei Wei Asian Diner, LLC**

16.     Pei Wei Asian Diner, LLC is a Delaware limited liability company and a restaurant chain that operates approximately 200 restaurants in the United States, including in Missouri.  Defendant is registered to do business in Missouri.

17.     Defendant has owned and/or operated Defendant's restaurants during the relevant period, including the restaurant at which Plaintiff worked in St. Louis, Missouri.

18.     At all relevant times, Defendant was and is an employer within the meaning of the

FLSA.

19.     Defendant employed Plaintiff and other similarly situated current and former FLSA Collective Members.

20.     Defendant had gross annual revenues exceeding $500,000.00 for all relevant periods herein.

## COLLECTIVE ACTION ALLEGATIONS

21.     Plaintiff brings the First Cause of Action on behalf of himself and all similarly situated current and former FLSA Collective Members who work or have worked for Defendant during the Collective Period (defined as August 19, 2014 to the date(s) Defendant reclassified Assistant Managers to non-exempt status) who elect to opt into this action.

22.     Plaintiff and other FLSA Collective Members are similarly situated in that they are subject to Defendant's common compensation policy, pattern, or practice, including without limitation Defendant's failure to pay such persons for all overtime hours worked when they worked over 40 hours in a workweek in violation of the FLSA.

23.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and all other FLSA Collective Members when they worked over 40 hours in a workweek.  The FLSA Collective Members are known to Defendant, are readily identifiable, and can be located through Defendant's records.  Notice should be sent to the FLSA Collective Members, pursuant to 29 U.S.C. § 216(b).

## COMMON FACTUAL ALLEGATIONS

24.     During the course of their employment with Defendant, Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in each workweek, but were not compensated at one and one-half times their respective regular rates of pay for all hours

worked over forty in each such workweek.

25.     Plaintiff and FLSA Collective Members primarily performed manual, non-exempt job duties such as customer service, preparing food, taking orders, and cleaning the restaurant.

26.     Plaintiff and FLSA Collective Members' primary duties were not directly related to Defendant's management or general business operations.

27.     Plaintiff and FLSA Collective Members' primary duties did not include the exercise of discretion or independent judgment regarding matters of significance.

28.     The performance of manual labor duties occupied the majority of Plaintiff and FLSA Collective Members' working hours.

29.     All of the work that Plaintiff and FLSA Collective Members have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and FLSA Collective Members have performed.

30.     Pursuant to a common policy, pattern or practice, Defendant treated Plaintiff and FLSA Collective Members similarly with respect to the violations claimed and failed to pay them overtime wages and maintain accurate records of their hours of work, despite the fact that Plaintiff and FLSA Collective Members regularly worked more than 40 hours per workweek, all in violation of the FLSA.

31.     Defendant knew (or should have known) that Plaintiff and FLSA Collective Members primarily performed non-managerial duties, yet still maintained a policy not to pay Plaintiff and FLSA Collective Members overtime wages.

32.     Defendant also underfunded its restaurants' payroll budgets. Plaintiff and FLSA Collective Members had to work long hours with no extra overtime compensation while performing the work of non-exempt employees (who otherwise would have received overtime

pay for such work) due to the lack of sufficient payroll money from Defendant to pay the non-exempt workers.

33.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA.

34.     Defendant was aware or should have been aware that the FLSA requires them to pay non-exempt employees an overtime premium for all hours worked in excess of 40 hours per workweek.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Unpaid Overtime Wages Brought by
### Plaintiff Individually and on Behalf of the FLSA Collective Members

35.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

36.     At all relevant times, Plaintiff and other similarly situated FLSA Collective Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

37.     The overtime wage provisions set forth in §§ 201, *et seq*., of the FLSA apply to Defendant.

38.     At all relevant times, Defendant was the employer of Plaintiff and other similarly situated FLSA Collective Members and was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

39.     At all relevant times, Plaintiff and other similarly situated FLSA Collective Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

40.     Defendant failed to pay Plaintiff and other similarly situated FLSA Collective Members the overtime wages to which they were entitled under the FLSA.

41.     Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

42.     Defendant has not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and the FLSA Collective Members.

43.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

44.     As a result of Defendant's willful violations of the FLSA, Plaintiff and other similarly situated FLSA Collective Members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*., in amounts to be determined at trial or through undisputed record evidence, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated FLSA Collective Members, prays for the following relief:

A.      that, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all FLSA Collective Members who worked during the Collective Period. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      the payment at one and one-half times their regular rates of pay for all overtime hours worked by Plaintiff and FLSA Collective Members for which they have not been properly compensated;

C.      liquidated damages pursuant to 29 U.S.C. § 216(b);

D.      reasonable attorneys' fees and costs;

E.      a reasonable service award to the Plaintiff to compensate him for the time he spent attempting to recover wages for FLSA Collective Members and for the risks he took in doing so;

F.      prejudgment interest; and

G.      all other relief that this Court deems just and appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated:  January 23, 2018                 Respectfully submitted,

/s/ George A. Hanson
George A. Hanson EDMO Bar No. 39538
Alexander T. Ricke EMO Bar No. 65132
STUEVE SIEGEL HANSON LLP
Email: hanson@stuevesiegel.com
Email:  ricke@stuevesiegel.com
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

Gregg I. Shavitz*
SHAVITZ LAW GROUP, P.A.
E-mail: gshavitz@shavitzlaw.com
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

Michael Palitz*
SHAVITZ LAW GROUP, P.A.
E-mail: mpalitz@shavitzlaw.com
830 3rd Avenue, 5th Floor
New York, NY 10022
Telephone: 800-616-4000
Facsimile: (561) 447-8831

**Attorneys for Plaintiff and the Putative FLSA Collective
Members**

*to apply for admission *pro hac vice*